UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROL GODWIN | CIVIL ACTION |
| VERSUS | NO. 14-1075 |
| UNITED STATES OF AMERICA | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is the government's motion to dismiss (Rec. Doc. 7) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, **IT IS ORDERED** that the motion is hereby **DENIED**.

In its motion to dismiss, the government urges the Court to dismiss plaintiff Carol Godwin's Federal Tort Claims Act ("FTCA") claim under Rule 12(b)(1) for lack of subject matter jurisdiction because Godwin alleged only *general* premises liability, which is not covered under the FTCA, when she failed to name a particular government actor who was negligent as required by the statute. (Rec. Doc. 7-1 at p. 1). In addition, the government argues that Godwin failed to state a claim upon which relief can be granted because her complaint lacks the elements of a premises liability claim under Louisiana negligence law, and, thus, the claim should be dismissed pursuant to Rule 12(b)(6). (Id.)

## 1. Legal Standards

### A. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. Id. at 161. When deciding a Rule 12(b)(1) motion the court may look to the following: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. Ynclan v. Dep't of the Air Force, 943 F.2d 1388, 1390 (5th Cir.1991). The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. (internal citation omitted).

### B. Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Rather, a complaint's

allegations "must make relief plausible, not merely conceivable, when taken as true." United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009).

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (internal citations omitted); see also Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue). And, in evaluating motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

**2. Application of the Legal Standards**

    **A. Premises Liability under the FTCA**

Generally, the government is immune from suit, unless it has waived its sovereign immunity. FDIC v. Meyers, 510 U.S. 471, 477 (1994). However, the FTCA is a limited waiver of this sovereign immunity. Aretz v. United States, 604 F.2d 417, 426 (5th Cir.1979). The statute provides that federal district courts "shall have exclusive jurisdiction of civil actions on claims against the

United States, for money damages... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of *any employee* of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.. § 1346 (emphasis added). Here, the alleged acts or omissions occurred in Louisiana under Louisiana law.

The FTCA requires the Court to focus on the specific "actor whose negligence might be imputed to the government under state law." Berkman v. United States, 957 F.2d 108, 113 (4th Cir.1992). Thus, as this Court has previously held, suits for *general* premises liability are not covered. Rigdon v. U.S. Postal Serv., CIV.A. 01-3553, 2003 WL 1618569 (E.D. La. Mar. 26, 2003) (citing e.g. Cupit v. United States, 964 F.Supp. 1104 (W.D.La.1997); Perkins v. United States, 1999 WL 148442 (E.D.La. March 17, 1999) ("FTCA does not permit suits for general premises liability to the extent that such theories resemble strict liability as opposed to 'a more focused approach that requires the courts to [consider]... the actor whose negligence might be imputed to the government under state law.'")). The issue of whether a court has jurisdiction over a FTCA claim turns on the "substance" of the claim. Hewitt v. United States, CIV.A. 98-2078, 1999 WL 500008 (E.D. La. July 14, 1999). Where the substance of a claim rests on premises liability without naming a specific individual who may have been negligent in a specific manner, the courts have no jurisdiction to hear the claim. Centanni v. United States, CIV.A. 03-627, 2004 WL 385057 (E.D. La. Feb. 27, 2004); see also Charles v. United States Postal Service, 2007 WL 925899, *3-*5 (E.D.La. Mar. 13, 2007)

("[T]he FTCA does not permit claims alleging premises liability, but does permit claims of negligence where specific government employees are alleged to be negligent.").

However, the enactment of Article 2317.1 of the Louisiana Civil Code effectively converted the premises liability claims under art. 2317 from strict liability to negligence. Miller v. McElwee Bros., CIV.A. 05-4239, 2007 WL 2284546 (E.D. La. Aug. 6, 2007) (citing Reitzell v. Pecanland Mall Assoc., Ltd., 852 So.2d 1229, 1232 (La.App. 2 Cir.2003). Under art. 2317.1, a plaintiff must show: (1) the property which caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. Graupmann v. Nunamaker Family Ltd. P'ship, 2013-0580 (La. App. 1 Cir. 12/16/13), 136 So. 3d 863, 867.

In this case, the government argues that Godwin has not established subject matter jurisdiction because (1) the FTCA's limited waiver of sovereign immunity does not apply to general premises liability and (2) she failed to allege a negligent act by a specific government employee. (Rec. Doc. 7-1 at p.4). As a preliminary matter, the Court notes that claims arising under art. 2317.1 of the Louisiana Civil Code are covered under the FTCA's limited waiver of sovereign immunity because the statute has been converted from a strict liability to a negligence action. See Reitzell, 852 So.2d at 1232. Furthermore, the Louisiana statute requires, as an element of the claim, a showing that the defendant had actual or constructive knowledge of the risk,[1] which satisfies the

---

[1] The article provides: "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La.C.C. art 2317.1.

condition of establishing the "negligent or wrongful act or omission of any employee of the Government" and quells any concerns of applying strict liability under the FTCA.

Second, the government contends that Godwin failed to allege a negligent act by a specific government employee. However, Godwin amended her complaint on September 2, 2014 after the government filed the instant motion. (Rec. Doc. 14). Consequently, Godwin was able to cure the deficiencies raised by the government regarding her failure to name a specific government employee's negligence. Specifically, the Court finds that Godwin amended her complaint to name Michael F. Hlubin, Officer-in-Charge of the Mandeville Post Office, as the government actor responsible for "maintain[ing] and keep[ing] defendant's post office and the immediate surrounding entranceway including the sidewalk in good order...." (Rec. Doc. 14 at p. 2). Moreover, Godwin has sufficiently alleged the remaining elements of a premises liability claim under art. 2317.1.

For these reason, the Court finds that Godwin's amended complaint satisfies the burden of Rule 12(b)(1). See Centanni, 2004 WL 385057 at *2.

**B. Negligence under the FTCA**

In a negligence action under Louisiana law, a plaintiff must demonstrate sufficient facts to state a claim for relief that is plausible on its face by showing the following: "1) the conduct in question was the cause-in-fact of the resulting harm; 2) defendant owed a duty of care to plaintiff; 3) the requisite duty was breached by the defendant; 4) the risk of harm was within the scope of protection afforded by the duty breached." Peterson v. Gibraltar Savings & Loan, 733 So.2d 1198, 1203-04 (La.1999). When the negligence claim concerns an alleged defect in a premises, "the

6

determination of whether the custodian owed a duty of care turns upon whether the condition was "unreasonably dangerous." Rigdon, 2003 WL 1618569, at *2 (citing Williams v. Leonard Chabert Medical Center, 744 So.2d 206, 209 (La.App. 1st Cir.1999), writ denied,754 So.2d 974 (La.2000)). Courts are directed to consider a broad range of factors when determining the existence of an "unreasonably dangerous" condition such as prior accidents and the degree of danger that is observable by a potential victim. Id. at 3.

The Court finds that Godwin has alleged sufficient facts to survive a Rule 12(b)(6) motion. By amending her complaint to include a particular government actor who may have had knowledge of an allegedly "unreasonably dangerous" condition because of previous falls by other post office patrons, Godwin has asserted minimally sufficient facts that establish each element of a negligence claim under Louisiana law. See Rigdon, 2003 WL 1618569, at *2. Accordingly,

**IT IS ORDERED** that the government's motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Rec. Doc. 7) is hereby **DENIED.**

New Orleans, Louisiana, this 2<u>nd</u> day of October 2014.

                                **KURT D. ENGELHARDT**
                                **United States District Judge**